UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| VANILDA BERNARDO-RODRIGUES | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00553-LEW |
| | ) | |
| PATRICIA H. HYDE, Acting Field Office Director of Enforcement and Removal Operations, Boston Field Officer, Immigration and Customs Enforcement, *et al*., | ) ) ) ) ) | |
| Respondents | ) | |

## **ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Vanilda Bernardo-Rodrigues's Petition for Writ of Habeas Corpus (ECF No. 1). Petitioner seeks release from immigration detention. Federal Respondents have opposed the Petition. Return and Response to Order to Show Cause (ECF No. 8). For the following reasons, the Petition is conditionally granted, as further explained below.

## BACKGROUND

Petitioner is a citizen of Venezuela who is presently being held in custody at the Cumberland County Jail on the authority of Immigration and Customs Enforcement, after her arrest in Lowell, Massachusetts on October 5, 2025. Petitioner entered the United States without admission or inspection at the border. Pet. ¶¶ 1-2.

On November 4, 2025, Petitioner filed her Petition seeking a writ of habeas corpus requiring that she be released unless Respondents provide a bond hearing under 8 U.S.C.

§ 1226(a) within seven days. Pet. ¶ 9. Petitioner has not specified the date of her entry into the United States but asserts that she has resided in the United States "for years." Pet. ¶ 5. Petitioner maintains that her detention is unlawful under the Immigration and Nationality Act because she is being subject to mandatory detention pending removal proceedings without the possibility of parole. Pet. ¶¶ 3-5.

Following receipt of the Petition, the Court issued an Order to Show Cause (ECF No. 4) that directed the Respondents to address the merits of the Petition and temporarily enjoined them from removing Petitioner from the State of Maine. In their Return and Response (ECF No. 8), the Federal Respondents acknowledge that Petitioner is being held without a bond hearing pursuant to 8 U.S.C. § 1225, in accordance with precedent issued by the Board of Immigration Appeals in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). According to this precedent, noncitizens who enter the United States without admission or inspection are subject to mandatory detention following their arrest, regardless of the duration of their presence in the United States. Despite contradictory authority issued by this Court and other district courts, immigration judges continue to rule in reliance on *Hurtado* that they lack jurisdiction or authority to preside over a bond hearing for these detainees. Federal Respondents offer that they must adhere to *Hurtado* absent an order from this Court. Return and Response at 2. If a remedy is to issue, they state that Petitioner's arrest was proper and that detention pending a hearing is most appropriate because Petitioner was subject to an Order of Recognizance and was picked up based on an alleged violation of the conditions associated with that order. *Id.* at 3. Federal

Respondents also relate that grounds may exist to deny Petitioner bond in the event of a hearing. *Id.*

## DISCUSSION

The lawfulness of immigration detention is subject to review by, and unlawful detention is subject to remedy in, a United States District Court under 28 U.S.C. § 2241. The exercise of jurisdiction over this matter is proper because it presents a challenge to the lawfulness of detention and does not otherwise challenge the underlying removal proceedings. *See Demore v. Kim*, 538 U.S. 510, 516-17 (2003); *Kong v. United States*, 62 F.4th 608, 614 (1st Cir. 2023) (quoting *Aguilar*, 510 F.3d at 11); *Hernandez-Lara v. Lyons*, 10 F.4th 19, 33 (1st Cir. 2021). The petitioner must prove illegal detention by a preponderance of the evidence. *See Aditya W.H. v. Trump*, 2025 WL 1420131, at *7 (D. Minn. 2025) (collecting authority).

Based on the factual assertions contained in the Petition, which is verified, and the Federal Respondent's failure to oppose any of the factual assertions, I find that Petitioner has resided in the United States for two years or more and that she entered the United States without admission or inspection. Given these circumstances and based on the district court decisions discussed in the parties' submissions—precedent that they and the Court are well aware of concerning multiple recent habeas petitions filed in and injunctions and writs granted in this Court—I summarily grant habeas relief without a hearing, conditioned on Petitioner's prompt receipt of a bond hearing by an immigration judge.[1]

---

[1] *See, e.g.*, *Chogllo Chafla v. Scott*, 2:25-cv-00437-SDN, 2025 WL 2688541 (D. Me. Sept. 22, 2025); *Bermeo Sicha v. Bernal*, 25-cv-00418-SDN, 2025 WL 2494530 (D. Me. Aug. 29, 2025).

## CONCLUSION

For the foregoing reasons, the Petition for a writ of habeas corpus is GRANTED (ECF No 1). It is HEREBY ORDERED that in order for Respondents to continue detaining Petitioner they must hold a hearing within 7 days before an immigration judge to consider Petitioner's request for release on bond pending the conclusion of her removal proceedings. If a bond hearing is held, Respondents will release Petitioner on bond unless the Government carries the burden prescribed by the First Circuit in *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021). If a hearing is not scheduled within that timeframe, Respondents will release Petitioner and her release will be subject to all conditions imposed under the Order of Recognizance. During the 7-day period, removal of Petitioner from the District of Maine while she remains subject to detention is ENJOINED except to enable her attendance at a bond hearing in the District of Massachusetts, if that is where the hearing is held.

**SO ORDERED.**

Dated this 14th day of November, 2025.

/s/ Lance E. Walker
Chief U.S. District Judge